# EXHIBIT "A"

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
10/27/2020 1:33PM
BY: RHILLMAN
DEPUTY

Case No.: S8015CV202000946
HON. KENNETH GREGORY

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Peter Strojnik, | Case No: |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Americans with Disabilities Act** |
| C&H Kingman, LLC dba Travelodge by Wyndham; Wyndham Hotels and Resorts, LLC | 2. **Negligence** |
| Defendants. | 3. **Failure to Disclose** |
| | 4. **Consumer Fraud – Brand Deceit** |
| | 5. **Civil Conspiracy to Commit Fraud** |
| | 6. **Aiding and Abetting** |
| | **JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and

Error in fax transmission.
ERROR CODE ( 700 )
TIME RECEIVED
October 30, 2020 at 10:53:22 AM MST
** INBOUND NOTIFICATION : FAX RECEIVED WITH ERRORS **

STATUS  PAGES  DURATION  REMOTE CSID
Failed to receive    9    356    9286926S394

** INBOUND NOTIFICATION : FAX RECEIVED WITH ERRORS **

"DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

    a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant C&H Kingman, LLC ("C&H"); and

    b. Violations of common law and statutory consumer protection laws against C&H; and

    c. Brand deceit for deceptive self-identification against C&H; and

    d. Civil Conspiracy against C&H and Wyndham Hotels and Resorts, LLC ("Wyndham"); and

    e. Civil Aiding and Abetting against Wyndham related to (i) C&H's use of Wyndham's website platform to provide incorrect and deceptive accessibility information and (2) for assisting C&H in its deceptive self-identification.

### PARTIES

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

2

opening doors, breathing, getting in and out of a car, carrying stuff and working.

imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities

10. Defendant C&H owns, operates leases or leases to a lodging business located at 3421 E Andy Devine Ave., Kingman, AZ 86401 ("Hotel").

11. Defendant Wyndham is an international lodging and franchising chain and the direct or indirect owner of the brand "Travelodge by Wyndham".

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

    a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

    b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing,



4

| | | | | | (f)(1) |
|---|---|---|---|---|---|
| | | | | stuff, and other major life activities. | |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

6

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

   1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

   (i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

7

causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii) Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv) Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi) Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii) Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and

saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii) Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix) Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES |
| --- |
| https://www.wyndhamhotels.com/travelodge/kingman-arizona/travelodge-by-wyndham-kingman/overview?CID=LC:TL::GGL:RIO:National:51375&iata=00093796 |

| NO ACCESSIBILITY INFORMATION |
| --- |
| Table 2 |

9



Accessible parking not closest to entry.

No marked passenger loading zone.

11

Apr 05 20 07:46p          C          9286926539⁴          p.1

TIME RECEIVED          REMOTE CSID          DURATION   PAGES   STATUS
October 30, 2020 at 11:03:53 AM MST   9286926539⁴          370       4      Received
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **



No accessible route to pool

Pool latch too high.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Insufficient number of accessible spaces.

Vertical signage too low.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14



Open risers throughout.

15
16
17
18
19
20
21
22
23
24
25
26



Improperly configured handrails throughout.

27
28

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Wrongly configured entry hardware.

Inaccessible check in counter.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 26, 2020.

**Table 3**

15

opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

### RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) |

5

**COUNT ONE**
Americans with Disabilities Act

32. Plaintiff realleges all allegations heretofore made.

33. Defendant C&H violated the ADA as documented above.

34. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

35. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

36. The removal of barriers is readily achievable.

37. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. That the Court retain jurisdiction over this matter until th Hotel has become fully and completely accessible to persons with disabilities; and

    I. All other relief susceptible of proof based on the allegations.

16

## COUNT TWO
### Negligence and Negligence Per Se

38. Plaintiff realleges all allegations heretofore set forth.

39. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

40. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

41. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel. Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

42. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

43. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

44. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

45. Defendant breached this duty.

46. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

47. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

48. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

49. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

17

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
Failure to Disclose

50. Plaintiff realleges all allegations heretofore set forth.

51. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

52. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

53. The compliance with the ADA is a fact basic to the transaction.

54. Defendant failed to make the necessary disclosures.

55. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

56. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

18

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Consumer Fraud – Brand Deceit

59. Plaintiff realleges all allegations made above.

60. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

61. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant C&H identifies itself as Travelodge by Wyndham at the entrance to the Hotel:



62. C&H is not Travelodge by Wyndham. It is C&H. The misidentification is necessary because general public, including Plaintiff, identify Wyndham properties with a higher degree of lodging standard and general integrity than C&H

63. Another way Defendant misidentifies itself is thorough its booking website:

19



64. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:

65. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on C&H's false self-identification to his damage.

66. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

67. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

20

68. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE**, Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

    E. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Civil Conspiracy

69. Plaintiff realleges all allegations heretofore set forth.

70. Wyndham is the owner of the "Travelodge by Wyndham" brand name.

71. Wyndham and C&H knew, at all times relevant hereto, that the Wyndham brand has positive reputation, while C&H has no reputation.

72. Public's perception of C&H is wholly derivative of the reputation of Wyndham.

73. Wyndham and C&H also knew, at all relevant times, that C&H would sell more rooms if it sold the rooms under the name Wyndham and not C&H.

74. C&H paid Wyndham for the use of its brand name Travelodge by Wyndham.

75. Wyndham and C&H structured their relationship so that Plaintiff and the public would believe that Wyndham operates the Hotel, while at the same time they knew that Wyndham was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

76. Wyndham further provided C&H with a booking platform on Wyndham's website and agreed, expressly or implicitly, that C&H misrepresent its accessibility features thereon.

77. Wyndham and C&H also knew that the use of Wyndham's brand name and the misrepresentations on the Wyndham's website would mislead the traveling public

21

into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures are truthful.

78. It was for these reasons that Wyndham and C&H agreed that the Hotel would market its rooms under the name of Wyndham.

79. The agreement between Defendants assured that Wyndham would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability C&H would reap the benefits of greater sales caused by Defendants' brand deceit.

80. Defendants agreed to falsely market the Hotel as a "Travelodge by Wyndham" in order to misled the public, including Plaintiff.

81. Plaintiff believed he was dealing with Wyndham when in fact he was dealing with an unknown entity.

82. Defendants Wyndham and C&H agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

83. Defendants Wyndham and C&H agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

84. Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

85. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

86. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

   A. For finding of that Defendants committed a civil conspiracy; and

   B. For damage as prayed for above; and

   C. For damages in the amount requested; and

22

D. For punitive damages in the amount requested; and

E. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

F. For such other and further relief as the Court may deem just and proper.

### COUNT SIX
### Civil Aiding and Abetting

87. Plaintiff realleges all allegations heretofore made.

88. Defendant Wyndham aided and abetted Defendant C&H brand deceit by:

a. Providing the Wyndham signage on the physical Hotel building; and

b. Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

c. Issuing reservation confirmations in the name of Wyndham in order to conceal the true ownership and operations; and

d. Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

e. Providing a website platform upon which Defendant C&H advertised its rooms with false and misleading accessibility disclosures.

89. Wyndham aided and abetted C&H in providing C&H with a website platform in which C&H committed misrepresentations relating to accessibility.

90. Plaintiff suffered an injury resulting from Wyndham's aiding and abetting brand deceit in an amount of no less than $35,000.00.

91. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

92. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Wyndham committed civil aiding and abetting; and

B. For damage as proved for above; and

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

E. For such other and further relief as the Court may deem just and proper

## PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

93. With respect to all counts, Plaintiff alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d. The duration of Defendants' the misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

94. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 27th day of October, 2020.

### PETER STROJNIK

Peter Strojnik
Plaintiff

24

# EXHIBIT "B"

FILED

BY: _____

2020 NOV -2  AM 10: 58

VIRLYNN HINNELL
SUPERIOR COURT CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Peter Strojnik

                     Plaintiff,

       vs.

C & H Kingman, LLC et al.

                   Defendant.

Case Number: CV-2020-00946

**RETURN OF SERVICE**

Received by Mohave County Constable - Kingman on the 28th day of October, 2020 at 12:47 pm to be served on **C & H Kingman, LLC, 3023 E Andy Devine Ave, Kingman, AZ**.

I, Michael Cobb, do hereby affirm that on the **28th day of October, 2020** at **1:15 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons; Complaint; Certificate of Compulsary Arbitration** with the date and hour of service endorsed thereon by me, to: **Janak Patel** as **Owner/Manager** at the address of: **3421 E Andy Devine Ave, Kingman, AZ**, who stated they are authorized to accept service for **C & H Kingman, LLC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am the Kingman Constable, in good standing, in the judicial circuit in which the process was served. I declare under penalty of perjury that the foregoing is true and correct pursuant to arcp 80(i)

Date ___11-2-20_____.

**Michael Cobb**
KINGMAN CONSTABLE

**Mohave County Constable - Kingman**
**P.O. Box 29**
**Kingman, AZ 86402**
**(928) 727-9728**

Our Job Serial Number: KNG-2020000758

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



S8015CV202000946

# EXHIBIT "C"

Text Size: A A A

| Case Search | Minute Entry Search | Case Notification | Help |

Home / Case Search

## Public Access to Court Information

### Case Search

<< return to search results

Printer Friendly Version

new case search >>

Case Information

| | | | |
|---|---|---|---|
| Case Number: | S-8015-CV-202000946 | | |
| Title: | PETER STROJNIK PLAINTIFF vs | Category: | Civil |
| Court: | Mohave County Superior | Filing Date: | 10/27/2020 |
| Judge: | | Disposition Date: | |





**C&H KINGMAN, LLC**   DEFENDANT  - D 1

**DAVID ONUSCHAK**   ATTORNEY - Y 1

**PETER STROJNIK**   PLAINTIFF - P 1

**WYNDHAM HOTELS AND RESORTS, LLC**   DEFENDANT - D 2

Case Activity

| Date | Description | Party |
|---|---|---|
| 11/19/2020 | ORDER: Extending Time | P 1 |
| 11/19/2020 | ORDER: Extending Time | P 1 |
| 11/18/2020 | STIPULATION: STIPULATION TO EXTEND TIME | D 2 |
| 11/18/2020 | ORDER: PROPOSED ORDER | D 2 |
| 11/4/2020 | ORDER: COURT ORDER / RULING | P 1 |
| 11/4/2020 | ORDER: COURT ORDER / RULING | P 1 |
| 11/2/2020 | SERVICE: Return of Service | D 1 |
| 11/2/2020 | SERVICE: Proof of Service | D 2 |
| 10/30/2020 | ORDER: COURT ORDER / RULING | P 1 |
| 10/30/2020 | ORDER: COURT ORDER / RULING | P 1 |
| 10/28/2020 | NOTICE: DISMISSAL RE: SERVICE - CIVIL | P 1 |
| 10/27/2020 | SUMMONS: SUMMONS | P 1 |
| 10/27/2020 | SUMMONS: SUMMONS | P 1 |
| 10/27/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 10/27/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 10/27/2020 | COMPLAINT: Complaint | P 1 |

### Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**

The following case types are excluded from search results: sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile

# EXHIBIT "1"

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
10/27/2020 1:33PM
BY: RHILLMAN
DEPUTY

Case No.: S8015CV202000946
HON. KENNETH GREGORY

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6601
ps@strojnik.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MOHAVE**

|  |  |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>C&H Kingman, LLC dba Travelodge by Wyndham; Wyndham Hotels and Resorts, LLC<br><br>Defendants. | Case No:<br><br>**COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Negligence**<br>3. **Failure to Disclose**<br>4. **Consumer Fraud – Brand Deceit**<br>5. **Civil Conspiracy to Commit Fraud**<br>6. **Aiding and Abetting**<br><br>**JURY TRIAL REQUESTED** |

**NATURE OF THE CASE**

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and

** INBOUND NOTIFICATION : FAX RECEIVED WITH ERRORS **

TIME RECEIVED                          REMOTE CSID        DURATION    PAGES    STATUS
October 30, 2020 at 10:53:22 AM MST    9286926539+        356         9        Failed to receive

ERROR CODE ( 700 )
Error in Fax transmission.

"DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant C&H Kingman, LLC ("C&H"); and

   b. Violations of common law and statutory consumer protection laws against C&H; and

   c. Brand deceit for deceptive self-identification against C&H; and

   d. Civil Conspiracy against C&H and Wyndham Hotels and Resorts, LLC ("Wyndham"); and

   e. Civil Aiding and Abetting against Wyndham related to (i) C&H's use of Wyndham's website platform to provide incorrect and deceptive accessibility information and (2) for assisting C&H in its deceptive self-identification.

## PARTIES

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

2

opening doors, breathing, getting in and out of a car, carrying stuff and working.

imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities

10. Defendant C&H owns, operates leases or leases to a lodging business located at 3421 E Andy Devine Ave., Kingman, AZ 86401 ("Hotel").

11. Defendant Wyndham is an international lodging and franchising chain and the direct or indirect owner of the brand "Travelodge by Wyndham".

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia*, Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

Apr 05 20 07:37p          C          9286926594          p.3

imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing,



4

| | | | | | (f)(1) |
|---|---|---|---|---|---|
| | | | | stuff, and other major life activities. | (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

6

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

   1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

   (i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

7

causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii) Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv) Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi) Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii) Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and

8

saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)   Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES |
|---|
| https://www.wyndhamhotels.com/travelodge/kingman-arizona/travelodge-by-wyndham-kingman/overview?CID=LC:TL::GGL:RIO:National:51375&iata=00093796 |
| NO ACCESSIBILITY INFORMATION |
| Table 2 |

9

1
2
3
4
5
6
7
8
9
10
11



Accessible parking not closest to entry.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

No marked passenger loading zone.

28

11

P.1                                9286926S394                                C      Apr 05 20 07:46p

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
TIME RECEIVED                REMOTE CSID        DURATION    PAGES    STATUS
October 30, 2020 at 11:03:53 AM MST   9286926S394   370        4        Received
```



No accessible route to pool

Pool latch too high.

12



Insufficient number of accessible spaces.

Vertical signage too low.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Open risers throughout.

Improperly configured handrails throughout.

14



Wrongly configured entry hardware.

Inaccessible check in counter.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 26, 2020.

**Table 3**

15

opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

### RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) |

## COUNT ONE
Americans with Disabilities Act

32. Plaintiff realleges all allegations heretofore made.

33. Defendant C&H violated the ADA as documented above.

34. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

35. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

36. The removal of barriers is readily achievable.

37. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

H. That the Court retain jurisdiction over this matter until th Hotel has become fully and completely accessible to persons with disabilities; and

I. All other relief susceptible of proof based on the allegations.

16

## COUNT TWO

Negligence and Negligence Per Se

38. Plaintiff realleges all allegations heretofore set forth.

39. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

40. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

41. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

42. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

43. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

44. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

45. Defendant breached this duty.

46. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

47. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

48. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

49. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

17

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
Failure to Disclose

50. Plaintiff realleges all allegations heretofore set forth.

51. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

52. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

53. The compliance with the ADA is a fact basic to the transaction.

54. Defendant failed to make the necessary disclosures.

55. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

56. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

18

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Consumer Fraud – Brand Deceit

59. Plaintiff realleges all allegations made above.

60. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

61. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant C&H identifies itself as Travelodge by Wyndham at the entrance to the Hotel:



62. C&H is not Travelodge by Wyndham. It is C&H. The misidentification is necessary because general public, including Plaintiff, identify Wyndham properties with a higher degree of lodging standard and general integrity than C&H.

63. Another way Defendant misidentifies itself is thorough its booking website:

19



64. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:

65. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on C&H's false self-identification to his damage.

66. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

67. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

20

1  68. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial

2  sufficient, however, to deter this Defendant and others similarly situated from

3  pursuing similar acts but in no event less than $135,000.00.

4  **WHEREFORE,** Plaintiff prays for relief as follows:

5      A. For finding of that Defendant failed to disclose information; and

6      B. For damages in the amount requested; and

7      C. For punitive damages in the amount requested; and

    D. For an order requiring that Defendants engage in a corrective informational

8         campaign to all its former, current and potential guests advising of true facts

9         relating to Hotel owners, operators and managers; and

10      E. For such other and further relief as the Court may deem just and proper.

11  **COUNT FIVE**

12  Civil Conspiracy

13  69. Plaintiff realleges all allegations heretofore set forth.

14  70. Wyndham is the owner of the "Travelodge by Wyndham" brand name.

15  71. Wyndham and C&H knew, at all times relevant hereto, that the Wyndham brand has

16  positive reputation, while C&H has no reputation.

17  72. Public's perception of C&H is wholly derivative of the reputation of Wyndham.

18  73. Wyndham and C&H also knew, at all relevant times, that C&H would sell more rooms

19  if it sold the rooms under the name Wyndham and not C&H.

20  74. C&H paid Wyndham for the use of its brand name Travelodge by Wyndham.

21  75. Wyndham and C&H structured their relationship so that Plaintiff and the public would

believe that Wyndham operates the Hotel, while at the same time they knew that

22  Wyndham was not the operator and would not be considered an operator of the Hotel

23  and thereby not subject to ADA liability.

24  76. Wyndham further provided C&H with a booking platform on Wyndham's website

25  and agreed, expressly or implicitly, that C&H misrepresent its accessibility features

26  thereon.

27  77. Wyndham and C&H also knew that the use of Wyndham's brand name and the

28  misrepresentations on the Wyndham's website would mislead the traveling public

21

into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures are truthful.

78. It was for these reasons that Wyndham and C&H agreed that the Hotel would market its rooms under the name of Wyndham.

79. The agreement between Defendants assured that Wyndham would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability C&H would reap the benefits of greater sales caused by Defendants' brand deceit.

80. Defendants agreed to falsely market the Hotel as a "Travelodge by Wyndham" in order to misled the public, including Plaintiff.

81. Plaintiff believed he was dealing with Wyndham when in fact he was dealing with an unknown entity.

82. Defendants Wyndham and C&H agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

83. Defendants Wyndham and C&H agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

84. Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

85. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

86. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendants committed a civil conspiracy; and

    B. For damage as prayed for above; and

    C. For damages in the amount requested; and

D. For punitive damages in the amount requested; and

E. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

F. For such other and further relief as the Court may deem just and proper.

## COUNT SIX
### Civil Aiding and Abetting

87. Plaintiff realleges all allegations heretofore made.

88. Defendant Wyndham aided and abetted Defendant C&H brand deceit by:

   a. Providing the Wyndham signage on the physical Hotel building; and

   b. Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

   c. Issuing reservation confirmations in the name of Wyndham in order to conceal the true ownership and operations; and

   d. Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

   e. Providing a website platform upon which Defendant C&H advertised its rooms with false and misleading accessibility disclosures.

89. Wyndham aided and abetted C&H in providing C&H with a website platform in which C&H committed misrepresentations relating to accessibility.

90. Plaintiff suffered an injury resulting from Wyndham's aiding and abetting brand deceit in an amount of no less than $35,000.00.

91. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

92. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

1    A. For finding of that Defendant Wyndham committed civil aiding and abetting; and

2    B. For damage as proved for above; and

3    C. For punitive damages in the amount requested; and

4    D. For an order requiring that Defendants engage in a corrective informational

5       campaign to all its former, current and potential guests advising of true facts

6       relating to Hotel owners, operators and managers; and

7    E. For such other and further relief as the Court may deem just and proper

## PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

8    93. With respect to all counts, Plaintiff alleges that:

9       a.  Defendants' conduct was and continues to be reprehensible; and

10      b.  Defendant's caused severe of the harm, i.e. segregation of persons with disabilities;
11          and

12      c.  Defendants segregated of Plaintiff from the rest of the traveling public; and

13      d.  The duration of Defendants' the misconduct is over 30 years and

14      e.  Defendants' were fully aware of their own illicit maintenance of the Hotel; and

15      f.  Particularly where compensatory damages may be low, "the need for punishment
16          or deterrence may be increased by reason of the very fact that the defendant will
17          have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,
18          767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* §
19          3.11(10), at 515-16 (2d ed. 1993))).

20   94. These factors recommend that only the most severe sanctions against Defendant Hotel
21       will assure compliance with the ADA and integration of disabled individuals.

## REQUEST FOR TRIAL BY JURY

22

23   Plaintiff respectfully requests a trial by jury in issues triable by a jury.

24   RESPECTFULLY SUBMITTED this 27th day of October, 2020.

25                          **PETER STROJNIK**

26

27                          Peter Strojnik
                            Plaintiff
28

                                24

# EXHIBIT "2"

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
10/27/2020 1:35PM
BY: RHILLMAN
DEPUTY

Case No.: S8015CV202000946
HON. KENNETH GREGORY

1   Peter Strojnik,
2   7847 N. Central Ave.
    Phoenix, AZ 85020
3   Telephone: (602) 524-6602
    ps@strojnik.com
4

5          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
6             IN AND FOR THE COUNTY OF MOHAVE

7                                        Case No:

8   Peter Strojnik,                      **CERTIFICATE OF**
                                         **COMPULSORY**
9                        Plaintiff,      **ARBITRATION**

10

11                    vs.

12  C&H Kingman, LLC dba Travelodge by
    Wyndham; Wyndham Hotels and Resorts,
13  LLC

14

15                       Defendants.

16

17       I certify that the above cause is not subject to compulsory arbitration pursuant to

18  Rules 72-77 of the Rules of Civil Procedure.

19

20       DATED this 27th day of October, 2020.

21                    **PETER STROJNIK**

22

23                    Peter Strojnik
                      Plaintiff
24

25

26

27

28

# EXHIBIT "3"

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N. Central Avenue
City, State, Zip Code: Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Mohave

Peter Strojnik
Plaintiff(s),
v.                                          Case No.    S8015CV202000946
C&H Kingman, LLC et al
Defendant(s).                               **SUMMONS**

To: C&H Kingman, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
Answer in writing with the Court, and you must pay the required filing fee. To file your
Answer, take or send the papers to Clerk of the Superior Court, P.O. Box 7000 Kingman
AZ 86402 or electronically file your Answer through one of Arizona's approved electronic
filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents
in this case.

3. If this Summons and the other court papers were served on you within the State of
Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
date of service, not counting the day of service. If this Summons and the other court papers
were served on you outside the State of Arizona, your Answer must be filed within
THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
service.

Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of <u>Mohave</u>

SIGNED AND SEALED this date:*October 27, 2020*



*VIRLYNN TINNELL*
Clerk of Superior Court

By:*RHILLMAN*
Deputy Clerk

2

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N. Central Avenue
City, State, Zip Code: Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Mohave

Peter Strojnik
Plaintiff(s),
v.                                              Case No.    S8015CV202000946
C&H Kingman, LLC et al
Defendant(s).                        **SUMMONS**

To:  Wyndham Hotels and Resorts, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, P.O. Box 7000 Kingman
    AZ 86402 or electronically file your Answer through one of Arizona's approved electronic
    filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of <u>Mohave</u>

SIGNED AND SEALED this date:*October 27, 2020*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*RHILLMAN*
Deputy Clerk



2

# EXHIBIT "4"

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MOHAVE

**DATE:  NOVEMBER 19, 2020**

**S8015CV202000946**

## NOTICE RE: MOHAVE COUNTY ADMINISTRATIVE ORDER 2019-04

Plaintiff/Petitioner is hereby notified that service of the Summons and Complaint must be made upon all Defendants or adverse parties within ninety (90) days after the Complaint or Petition is filed or the case SHALL be dismissed without prejudice as to parties not timely served in accordance with Rule 4(i), Arizona Rules of Civil Procedure.

cc:

Plaintiff

# EXHIBIT "5"

E-FILED
MOHAVE COUNTY
CLERK OF SUPERIOR COURT
Nov 03, 2020 9:51 am
BY: MD

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

### HONORABLE KENNETH GREGORY, JUDGE PRO TEMPORE

**DATE: OCTOBER 30, 2020**                                                        ***LS**

| COURT NOTICE / ORDER / RULING |
|---|

PETER STROJNIK,

                    **Plaintiff,**

    v.                                                       NO. CV-2020-00946

**C & H KINGMAN, LLC DBA
TRAVELODGE BY WYNDHAM; et al.,**

       This file was brought to the Court for review.  The Court is familiar with a party in this matter. To avoid the appearance of impropriety, the Court recuses itself from this case. Good cause appearing,

       **IT IS ORDERED** directing this matter to the attention of Hon. Lee F. Jantzen, Presiding Civil Judge, for reassignment.

CC:

Peter Stronjnik
ps@stronjnik.com
Plaintiff

Honorable Lee F. Jantzen*
Division IV

Honorable Kenneth L. Gregory
Judge Pro Tempore

# EXHIBIT "6"

FILED

BY: _____

2020 NOV -2  AM 10: 58

VIRLYNN HANNELL
SUPERIOR COURT CLERK

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MOHAVE

Peter Strojnik

                    Plaintiff,

    vs.

C & H Kingman, LLC et al.

                    Defendant.

**Case Number: CV-2020-00946**

**RETURN OF SERVICE**

Received by Mohave County Constable - Kingman on the 28th day of October, 2020 at 12:47 pm to be served on **C & H Kingman, LLC, 3023 E Andy Devine Ave, Kingman, AZ.**

I, Michael Cobb, do hereby affirm that on the **28th day of October, 2020** at **1:15 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons; Complaint; Certificate of Compulsary Arbitration** with the date and hour of service endorsed thereon by me, to: **Janak Patel** as **Owner/Manager** at the address of: **3421 E Andy Devine Ave, Kingman, AZ,** who stated they are authorized to accept service for **C & H Kingman, LLC,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am the Kingman Constable, in good standing, in the judicial circuit in which the process was served. I declare under penalty of perjury that the foregoing is true and correct pursuant to arcp 80(i)

Date __11-2-20__

*Michael R. Cobb*

**Michael Cobb**
KINGMAN CONSTABLE

**Mohave County Constable - Kingman**
**P.O. Box 29**
**Kingman, AZ 86402**
**(928) 727-9728**

Our Job Serial Number: KNG-2020000758

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



S8015CV202000946

FILED

BY: _____

2020 NOV -2 AM 11: 05

VIRLYNN FINNELL
SUPERIOR COURT CLERK

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE**

**PETER STROJNIK,**

Plaintiff,

Case Number: S8015CV202000946

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

vs.

**C&H KINGMAN, LLC, et al,**

Defendant.

Received by Rush Hour Legal Service to be served on **WYNDHAM HOTELS AND RESORTS, LLC.**

I, Russell D. Hoffman, do hereby affirm that on the **28th day of October, 2020 at 2:25 pm, I:**

served **WYNDHAM HOTELS AND RESORTS, LLC** by delivering a true copy of the **Summons; Complaint; Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **CORPORATE CREATIONS NETWORK IN MEA ROLAND (Accounting Statutory Agent)** at the address of: **3260 N. Hayden Rd. #210, Scottsdale, AZ 85261**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair: Black, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

**Russell D. Hoffman**
Process Server MC-7486

**Rush Hour Legal Service**
**P.O. Box 30997**
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020002074
Service Fee: $75.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



S8015CV202000946



# EXHIBIT "7"

E-FILED
MOHAVE COUNTY
CLERK OF SUPERIOR COURT
Nov 04, 2020 2:11 pm
BY: MD

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

**HONORABLE LEE F. JANTZEN**
**DIVISION 4**                                                                    ***DL**
**DATE:  NOVEMBER 4, 2020**

---

### COURT ORDER/NOTICE/RULING

---

**PETER STROJNIK,**
      **Plaintiff,**

**vs.**                                                    **CV-2020-00946**

**C & H KINGMAN, LLC dba**
**TRAVELODGE BY WYNDHAM,**
**et al., et ux.,**
      **Defendants.**

      The Court is in receipt of this matter to reassign in its role as Presiding Civil Judge.

      **IT IS ORDERED** reassigning this case to this division for all further proceedings.

cc:

Peter Strojnik*
Plaintiff

Honorable Lee F Jantzen
Division 4

# EXHIBIT "8"

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
11/18/2020  1:14PM
BY: ATUGMAN
DEPUTY

1   David C. Onuschak (Bar No. AZ-033405)
    david.onuschak@dlapiper.com
2   DLA PIPER LLP (US)
    2525 East Camelback Road, Suite 1000
3   Phoenix, Arizona 85016-4232
4   Tel: 480.606.5100
    Fax: 480.606.5101
5   DLAPHX@dlapiper.com
6
    *Attorneys for Defendant*
7   *Wyndham Hotels & Resorts, Inc.*

8                **IN THE SUPERIOR COURT OF ARIZONA**

9               **IN AND FOR THE COUNTY OF MOHAVE**

10  Peter Strojnik,                      )   CASE NO.: S8015CV202000946
                                         )
11                      Plaintiff,       )   **STIPULATION FOR FIRST**
                                         )   **EXTENSION OF TIME**
12             v.                        )
                                         )
13  C&H Kingman, LLC dba Travelodge by   )   Assigned to Judge Kenneth Gregory
    Wyndham; Wyndham Hotels and Resorts, LLC, )
14                                       )
                                         )
15                      Defendants.      )
                                         )
16

17          The parties, through their respective counsel, hereby stipulate, pursuant to A.R.C. P. §

18  7.1(g), to extend the time for Defendant Wyndham Hotels & Resorts, Inc. (erroneously named

19  as "Wyndham Hotels and Resorts, LLC") to respond to Plaintiff Peter Strojnik's ("Strojnik")

20  Complaint to November 30, 2020.

21          This is a first request for an extension of time. A proposed form of Order consistent

22  with the relief requested is submitted in conjunction herewith.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Dated: November 18, 2020

2                                    **DLA PIPER LLP (US)**

3

4                                    By: /s/ David C. Onuschak
                                          David C. Onuschak
5                                         David.onuschak@dlapiper.com
                                          2525 East Camelback Road, Suite 1000
6                                         Phoenix, Arizona 85016-4232
                                          Telephone:      480.606.5100
7                                         Facsimile:      480.606.5101

8                                         *Attorneys for Defendant Wyndham Hotels &*
9                                         *Resorts, Inc.*

10

11                                   By: /s/ Peter Strojnik (w/permission)
12                                        Peter Strojnik

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -2-

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on November 18, 2020, a true and correct copy of the foregoing

3    document was filed electronically with the Court.  Notice of this filing will be sent by

4    operation of the Court's electronic filing system to all parties indicated on the electronic

5    filing receipt.  Parties may access this filing through the Court's system.  A copy of the same

6    will be served by email on:

7        Peter Strojnik
          7847 North Central Avenue
8        Phoenix, AZ  85020
9        Tel: (602) 524-6602
          Email: ps@strojnik.com

10

11

12                                /s/ Pat Kelly

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
11/18/2020 1:19PM
BY: ATUGMAN
DEPUTY

David C. Onuschak (Bar No. AZ-033405)
david.onuschak@dlapiper.com
DLA PIPER LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016-4232
Tel: 480.606.5100
Fax: 480.606.5101
DLAPHX@dlapiper.com

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

## IN THE SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Peter Strojnik, | CASE NO.: S8015CV202000946 |
| Plaintiff, | **ORDER GRANTING** |
| v. | **STIPULATION FOR FIRST** |
| | **EXTENSION OF TIME** |
| C&H Kingman, LLC dba Travelodge by Wyndham; Wyndham Hotels and Resorts, LLC, | Assigned to Judge Kenneth Gregory |
| Defendants. | |

Having reviewed the parties Stipulation for First Extension of Time and good cause appearing,

IT IS ORDERED that Defendant Wyndham Hotels & Resorts, Inc. (erroneously named as "Wyndham Hotels and Resorts, LLC") is permitted until November 30, 2020 to respond to Plaintiff Peter Strojnik's Complaint.

Dated: _____, 2020

_____
The Honorable Kenneth Gregory

# EXHIBIT "9"

E-FILED
MOHAVE COUNTY
CLERK OF SUPERIOR COURT
Nov 19, 2020 2:25 pm
BY: MD

1

2   David C. Onuschak (Bar No. AZ-033405)
    david.onuschak@dlapiper.com
3   DLA PIPER LLP (US)
    2525 East Camelback Road, Suite 1000
4   Phoenix, Arizona 85016-4232
    Tel: 480.606.5100
5   Fax: 480.606.5101
6   DLAPHX@dlapiper.com

7   *Attorneys for Defendant*
8   *Wyndham Hotels & Resorts, Inc.*

9              **IN THE SUPERIOR COURT OF ARIZONA**

10              **IN AND FOR THE COUNTY OF MOHAVE**

11  | Peter Strojnik,                                    | )   CASE NO.: S8015CV202000946          |
    |                                                    | )                                        |
12  |                        Plaintiff,                  | )   **ORDER GRANTING**                   |
    |                                                    | )   **STIPULATION FOR FIRST**            |
13  |            v.                                      | )   **EXTENSION OF TIME**                |
    |                                                    | )                                        |
14  | C&H Kingman, LLC dba Travelodge by                 | )                                        |
    | Wyndham; Wyndham Hotels and Resorts, LLC,          | )   Assigned to Judge Lee F. Jantzen     |
15  |                                                    | )                                        |
    |                        Defendants.                 | )                                        |
16  |                                                    | )                                        |

17
         Having reviewed the parties Stipulation for First Extension of Time and good cause
18
    appearing,
19
         IT IS ORDERED that Defendant Wyndham Hotels & Resorts, Inc. (erroneously named
20
    as "Wyndham Hotels and Resorts, LLC") is permitted until November 30, 2020 to respond to
21
    Plaintiff Peter Strojnik's Complaint.
22

23  Dated: November 19, 2020.
24

25

26

27  _____
    The Honorable Lee F. Jantzen
28

# EXHIBIT "D"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>                Plaintiff,<br><br>vs.<br><br>C & H Kingman, LLC, d/b/a<br>Travelodge by Wyndham; Wyndham<br>Hotels and Resorts, LLC,<br><br>                Defendants. | No.<br><br>**VERIFICATION OF STATE<br>COURT RECORD** |

State of Arizona      )
                                      ) ss
County of Maricopa  )

### VERIFICATION OF LINDSAY G. LEAVITT

1.      Lindsay G. Leavitt, having been duly sworn upon my oath, declare and state, under penalty of perjury, as follows:

2.      I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC, and represent Defendant C & H Kingman, LLC, d/b/a Travelodge by Wyndham.

3.      On October 27, 2020, Plaintiff Peter Strojnik filed the above-captioned case in the Mohave County Superior Court of the State of Arizona, Case No. S8015CV202000946. ("State Court Action").

4.      True and correct copies of all pleadings and other documents filed in

1   the State Court Action are attached to the Notice of Removal as Exhibit C [1-9].

2       5.    A true and correct copy of the Notice of Removal has been sent to the

3   clerk of the court in the State Court Action, and written notice has been sent to the

4   Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

5         I verify under penalty of perjury that the foregoing is true and correct.

6   DATED this 24th day of November, 2020.

7

8                                 Lindsay G. Leavitt

9

10   **SUBSCRIBED and SWORN to before me this 24 day of November, 2020.**

11

12

13                           Notary Public

14   My Commission Expires:

15

16 

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendant*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MOHAVE**

| | |
|---|---|
| Peter Strojnik,<br><br>               Plaintiff,<br><br>vs.<br><br>C&H Kingman, LLC dba Travelodge by Wyndham; Wyndham Hotels and Resorts, LLC,<br><br>               Defendants. | No. S8015CV202000946<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on November 24, 2020, Defendant C&H Kingman, LLC filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.  A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

RESPECTFULLY SUBMITTED this 24th day of November, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By */s/  Lindsay G. Leavitt*
    Lindsay G. Leavitt
    Jordan T. Leavitt
    One East Washington Street, Suite 1900
    Phoenix, Arizona  85004-2554
    *Attorneys for Defendant*

…

7409267v1(69886.1)

1 | Original of the foregoing E-Filed with the
2 | Clerk of the Court and a Copy of the
foregoing sent via Electronic mail on this
3 | 24th day of October, 2020, to:

4 | Peter Strojnik
7847 N. Central Avenue
5 | Phoenix, AZ 85020
6 | ps@strojnik.com
*Pro Per*

7 |

8 | */s/  Tana Davis-Digeno*

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2