**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08313-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| C&H Kingman LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Peter Strojnik's motion to remand. (Doc. 5.) For the reasons set forth below, the motion is denied.[1]

**I.**

In August 2020, Mr. Strojnik visited Defendant C&H Kingman LLC's ("C&H") hotel, Travelodge by Wyndham, to test its compliance with the Americans with Disabilities Act ("ADA").[2] (Doc. 1-3, Ex. A ¶ 30.) Afterwards, Mr. Strojnik filed suit in Mohave County Superior Court asserting six causes of actions: (1) violations of the ADA, (2) negligence, (3) failure to disclose, (4) brand deceit, (5) civil conspiracy, and (6) aiding and abetting. (*Id.* ¶¶ 8, 12.) In November 2020, C&H, with Wyndham's consent, timely removed the action to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the remaining state-law claims. (Doc. 1 at 1–2.) Mr.

---

[1] Both parties have fully briefed the issues and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

[2] C&H is a franchisee that operates the hotel under Defendant and franchisor Wyndham Hotels and Resorts, LLC's ("Wyndham") brand name. (Doc. 9 at 2–3; *see also* Doc. 1-3, Ex. A ¶¶ 10–11.)

Strojnik then brought the motion to remand arguing that the brand deceit, civil conspiracy, and aiding and abetting claims are not related to the ADA claim, requiring partial remand for these three state-law causes of actions. (Doc. 5.) The motion is now fully briefed. (Docs. 9, 10.)

## II.

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a court has original jurisdiction over at least one claim, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* § 1367(a). To determine whether claims form "part of the same case or controversy," the court must evaluate whether the federal claims and state-law claims "involve a common nucleus of operative facts." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (citation and quotation omitted). Where supplemental jurisdiction is lacking over removed state-law claims, the Court must sever and remand such claims. 28 U.S.C. § 1441(c)(2).

A district court may also decline to exercise supplemental jurisdiction over a state-law claim "if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the [original jurisdiction] claim, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances." *Id.* § 1367(c). When exercising its discretion, the court considers the interest in "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

## III.

### A.

Mr. Strojnik contends that "[t]here are no common facts between the ADA claim and the brand deceit and related claims." (Doc. 5 at 4.) He then points to the different elements that an ADA claim and an Arizona Consumer Fraud Act claim requires to show there is "no common nucleus of operative facts." (*Id.* at 5.) The standard for determining

if supplemental jurisdiction exists, however, is not whether these claims share the same elements, but whether the claims share "a common nucleus of operative facts" and "would ordinarily be expected to be resolved in one judicial proceeding." *In re Pegasus Gold Corp.*, 394 F.3d at 1195 (citation and quotation omitted).

C&H is correct that "[a]ll of Mr. Strojnik's claims arise from a common nucleus of operative facts." (Doc. 9 at 3.) The ADA, brand deceit, civil conspiracy, and aiding and abetting claims all stem from Mr. Strojnik's August 2020 visit to C&H's hotel and website. (Doc. 1-3, Ex. A ¶¶ 30–92.) Mr. Strojnik's ADA claim arose when he inspected the hotel and found what he claims are several ADA violations, which "deprived" him of the hotel's "full and equal access and enjoyment." (*Id.* ¶¶ 32–37.) This same visit is also where Mr. Strojnik discovered what he claims are violations of the Arizona Consumer Fraud Act, which include the "brand deceit" and other related state-law claims, because C&H "purchase[d] the rights to hold themselves out as a national hotel chain when in fact they are not a national hotel chain." (Doc. 5 at 1.) As C&H notes, "the events that give rise to this lawsuit occurred on the same day, at the same location, and with the same parties." (Doc. 9 at 3.) The ADA, brand deceit, civil conspiracy, and aiding and abetting claims all share a common nucleus of operative facts. The threshold requirement for supplemental jurisdiction under 28 U.S.C. § 1367(a) is satisfied.

**B.**

There are also no factors that weigh toward the Court declining to exercise supplemental jurisdiction over these state-law claims. 28 U.S.C. § 1367(c); *see, e.g.*, *Palmer v. Web. Indus.*, No. CV 04-2362-PCT-SMM, 2007 WL 625924, *3 (D. Ariz. Feb. 26, 2007) ("The Arizona Consumer Fraud Act is not novel or complex."). The Court also finds that considerations of judicial economy, convenience, fairness, and comity support the exercise of supplemental jurisdiction. *See Acri*, 114 F.3d at 1001. The Court will therefore deny Mr. Strojnik's motion to remand and retain supplemental jurisdiction over the brand deceit, civil conspiracy, and aiding and abetting claims.

**IV.**

Accordingly,

**IT IS ORDERED denying** Plaintiff Peter Strojnik's motion to remand. (Doc. 5.)

Dated this 5th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge