1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   Peter Strojnik,                          No. CV-20-08313-PCT-MTL

10              Plaintiff,                    **ORDER**

11  v.

12  C&H Kingman LLC, et al.,

13              Defendants.

14

15          Before the Court is Plaintiff Peter Strojnik's Motion that Defendant Prove

16  Removal Jurisdiction (Doc. 20) and Motion for Writ of Prohibition (Doc. 20). Defendants

17  C&H Kingman LLC ("C&H") and Wyndham Hotels and Resorts LLC ("Wyndham")

18  filed a response to Mr. Strojnik's motions. (Doc. 25.) Mr. Strojnik has replied. (Doc. 26.)

19  The Court resolves these motions as follows.[1]

20  **I.    BACKGROUND**

21          Mr. Strojnik visits hotels and websites to test their compliance with the Americans

22  with Disabilities Act ("ADA"). (Doc. 1-3, Ex. A ¶¶ 14–17.) Over the past several years,

23  Mr. Strojnik has initiated thousands of ADA lawsuits across the western United States.

24  *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL

25  50456, at *7 (D. Ariz. Jan. 6, 2021). These lawsuits are routinely dismissed for failing to

26  sufficiently allege Article III standing. *See id.* at *5 (collecting cases). Based on his prior

27

28  _____
[1] Both parties have fully briefed the issues and oral argument would not have aided the
Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see
also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

1    litigation conduct, another judge of this Court has ruled that Mr. Strojnik is a vexatious

2    litigant who "harasses and coerces parties into agreeing to extortive settlements." *Id.* at

3    10. Other Ninth Circuit District Courts have reached similar conclusions. *See Strojnik v.*

4    *IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *12–13

5    (N.D. Cal. June 1, 2020); *Strojnik v. SCG Am. Constr. Inc.*, No. SACV 19-1560 JVS

6    (JDE), 2020 WL 4258814, at *6–8 (C.D. Cal. Apr. 19, 2020).

7            This case involves Mr. Strojnik's visit to a Travelodge by Wyndham, operated by

8    C&H, and its website. (Doc. 1-3, Ex. A ¶¶ 14–17, 30, 34.) Based on several ADA

9    violations that he allegedly observed, Mr. Strojnik filed suit in Arizona Superior Court

10   asserting six causes of action: (1) violations of the ADA, (2) negligence, (3) failure to

11   disclose, (4) brand deceit, (5) civil conspiracy, and (6) aiding and abetting. (*Id.* ¶¶ 8, 12.)

12   In November 2020, C&H, with Wyndham's consent, timely removed the action to this

13   Court. (Doc. 1 at 1–2.) Mr. Strojnik soon thereafter brought a motion to remand three of

14   his state-law causes of action, which this Court denied. (Docs. 5, 12.) The Court then

15   ordered the parties to submit supplemental briefing on whether Mr. Strojnik has standing

16   to bring his ADA claim. (Doc. 14.) The parties timely responded. (Docs. 21, 22.) Mr.

17   Strojnik then filed the instant motions. (Doc. 20.)

18   **II.    DISCUSSION**

19           **A.    Motion for Writ of Prohibition**

20           The All Writs Act provides that "all courts established by Act of Congress may

21   issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C.

22   § 1651. Mr. Strojnik brings this All Writs Act motion to argue that C&H's counsel

23   removes cases from state to federal court only to then argue that the federal court lacks

24   subject matter jurisdiction. (Doc. 20.) This "unconscionable routine," Mr. Strojnik

25   argues, "imposes a severe, direct and unavoidable costs [sic] on the District Court." (*Id.*

26   at 2.) Mr. Strojnik therefore requests "that the District Court issue an appropriate writ of

27   prohibition and enter sanctions." (*Id.* at 11.)

28           Like other judges of this Court have concluded, such an order is not appropriate.

1   *See Strojnik v. Flagrock Hosp. LLC*, No. CV-20-08317-PCT-JAT, at * 2 (D. Ariz. Mar.

2   22, 2021) (denying Mr. Strojnik's request to issue a writ enjoining the defendants'

3   counsel from removing his cases to federal court); *Strojnik v. Phoenix N. Bell M6 LLC*,

4   No. CV-20-02065-DLR, Doc. 23 (D. Ariz. Feb. 4, 2021) (same). There are obvious

5   problems with Mr. Strojnik's request. First, the sole case Mr. Strojnik relies on—*Collier*

6   *v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018)—is inapposite. (Doc. 20 at 2, 3–4, 9.) The

7   court in *Collier* dealt with a defendant that moved to dismiss a case for lack of standing a

8   week after removing the case to federal court. *Collier*, 889 F.3d at 895. In contrast here,

9   C&H has not moved to dismiss this case. *Collier* also did not deal with the All Writs Act

10  nor did it involve a plaintiff seeking to enjoin the defendant's counsel from removing

11  other cases, something this Court might not have jurisdiction to do. *See Phoenix N. Bell*

12  *M6 LLC*, CV-20-02065, Doc. 23 at 2 n.2.

13        Next, Mr. Strojnik has not met his burden to demonstrate that a writ should issue.

14  Mr. Strojnik's motion mostly argues that C&H's counsel has continued this practice to

15  incur unnecessary legal fees. (Doc. 20 at 9.) As other judges of this Court have stated,

16  given Mr. Strojnik's own history of "extortionate" and "pervasive" lawsuits, *Driftwood*,

17  2021 WL 50456, at *2, "the Court is unpersuaded by Strojnik's newfound concern that

18  Defendants 'will be impoverished' as a result of their counsel's litigation strategy."

19  *Flagrock Hosp. LLC*, 2021 WL 1085395, at *2. Mr. Strojnik also argues that C&H's

20  counsel's conduct has committed a fraud on this Court. (Doc. 20 at 4–7, 9.) This

21  argument also recounts C&H's counsel's actions in other courts, expressing his

22  discontentment with certain orders from different judges. *See Flagrock Hosp. LLC*, 2021

23  WL 1085395, at *2 ("The Court, however, does not find it appropriate to punish

24  Defendants' counsel for conduct that led counsel to prevail on a motion in a different

25  case involving different defendants. To the extent Strojnik objects to conduct related to a

26  different case, he may address it in that case."). Mr. Strojnik does not cite any law to

27  support his position that a writ can issue from this conduct and his vague allegations

28  cannot meet his burden to issue a writ against C&H's counsel. The Court therefore denies

1    Mr. Strojnik's Motion for Writ of Prohibition.

2           **B.     Standing**

3                  **1.     Legal Standard**

4           "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming

5    discrimination must satisfy the case or controversy requirement of Article III by

6    demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1*

7    *Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "To establish standing under

8    Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an

9    injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury

10   was caused by the defendant, and (3) that the injury would likely be redressed by the

11   requested judicial relief." *Thole v. U. S. Bank N.A*, ___ U.S. ___, 140 S. Ct. 1615, 1618

12   (2020) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party

13   invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504

14   U.S. at 561. "Since they are not mere pleading requirements but rather an indispensable

15   part of the plaintiff's case, each element must be supported in the same way as any other

16   matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree

17   of evidence required at the successive stages of litigation." *Id.*

18          As relevant here, "an ADA plaintiff can establish standing to sue for injunctive

19   relief . . . by demonstrating deterrence."[2] *Chapman*, 631 F.3d at 944. Under this

20   "deterrent effect doctrine," "a disabled individual who is currently deterred from

21   patronizing a public accommodation due to a defendant's failure to comply with the

22   ADA has suffered 'actual injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d

23   1133, 1138 (9th Cir. 2002). But the mere existence of an ADA violation does not give

24   any disabled person standing to sue; a plaintiff "lacks standing . . . if the barriers he seeks

25   to enjoin do not pose a real and immediate threat to him *due to his particular disability*."

26   _____
     [2] An ADA plaintiff may also establish standing by "demonstrating injury-in-fact coupled
27   with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Mr.
     Strojnik, however, only relies on the "deterrent effects doctrine" in his briefing. (Doc. 16
28   at 5–6.) As shown below, Mr. Strojnik has failed to adequately demonstrate an injury-in-
     fact coupled with an intent to return. *See Strojnik v. B&L Motels Inc.*, No. CV-20-08306,
     2020 WL 7350897, at *2–3 (D. Ariz. Dec. 15, 2020).

1    *Chapman*, 631 F.3d at 953 (emphasis added).

2            **2.**      **Physical Barriers**

3         Mr. Strojnik alleges that several barriers at C&H's hotel violate the ADA's

4 requirements. (Doc. 1-3, Ex. A ¶¶ 14–15, 31.) The Complaint states that these are

5 "barriers to [his] equal enjoyment" of the hotel and these "barriers impair [his] full and

6 equal access." (*Id.* ¶¶ 14–15.) Mr. Strojnik attaches several pictures of the hotel's alleged

7 ADA violations, including issues with the pool, parking spots, and signage around the

8 property. (*Id.* ¶ 31.) He also lists several of his disabilities and alleges that he is "deterred

9 from visiting the Hotel based on [his] knowledge that the Hotel is not ADA compliant as

10 such compliance relates to [his] disability." (*Id.* ¶¶ 16, 18–27.) Although Mr. Strojnik

11 lists several general allegations, he does not tie in his conclusory allegations of an injury

12 or deterrence to his disabilities. *See Chapman*, 631 F.3d at 953.

13         "As noted in other cases from this Court, Strojnik's *modus operandi* is 'to use the

14 same boilerplate arguments used in his previous filings [and] insert[] new photos of

15 alleged non-compliance." *Flagrock Hosp. LLC*, 2021 WL 1085395, at *3 (collecting

16 cases). Mr. Strojnik also uses the same boilerplate and conclusory language here to allege

17 certain barriers are ADA violations. For example, below each picture he lists vague

18 phrases like "[a]ccessible parking not closest to entry," "[n]o marked passenger loading

19 zone," "[p]ool latch too high," "[i]naccessible check in counter," and "[v]ertical signage

20 too low." (Doc. 1-3, Ex. A ¶ 31.) Mr. Strojnik, however, does not tie in this vague

21 language to any of his disabilities and it is not this Court's responsibility to "connect the

22 metaphorical dots of injury-in-fact." *See Strojnik v. HPTRI Corp.*, No. CV-20-01868-

23 PHX-SPL, 2020 WL 6827765, at *2 (D. Ariz. Nov. 20, 2020). As to Mr. Strojnik's

24 accessibility, he alleges that he requires the use of a wheelchair to ambulate when his

25 disabilities are "in their unmitigated, active state." (Doc. 1-3, Ex. A ¶ 26.) There are no

26 allegations that he used a wheelchair on his visit to C&H's hotel or even how frequently

27 Mr. Strojnik uses a wheelchair. *See Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-cv-

28 02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) (finding that Mr.

1   Strojnik failed to establish Article III standing where he did "not allege when he needs

2   the assistance of a wheelchair or that he needed the assistance of a wheelchair at the time

3   he wished to visit the Hotel"). Mr. Strojnik's bare allegations therefore do not provide

4   any concrete and meaningful connections between his disability and the alleged ADA

5   violations. *See, e.g.*, *Gastelum v. Phoenix Cent. Hotel Venture, LLC*, No. CV-17-04544-

6   PHX-DLR, 2019 WL 498750, at *3 (D. Ariz. Feb. 8, 2019) ("A 'bare procedural

7   violation' unassociated with a plaintiff's particular disability 'cannot satisfy the demands

8   of Article III' standing.") (citations omitted).

9        Mr. Strojnik also does not show that there is a real and immediate threat of

10  repeated injury. For Mr. Strojnik to satisfy standing under the deterrence theory, he must

11  express more than a "vague desire to return" to the hotel. *Summers v. Earth Island Inst.*,

12  555 U.S. 488, 496 (2009). The United States Supreme Court has made clear that "a

13  profession of an 'inten[t]' to return . . . is simply not enough. Such 'some day' intentions–

14  –without any description of concrete plans, or indeed even any specification of when the

15  day will be—do not support a finding of the 'actual or imminent' injury that our cases

16  require." *Lujan*, 504 U.S. at 564. Mr. Strojnik alleges that he intends to visit the hotel "at

17  a specific time" when it becomes ADA compliant. (Doc. 1-3, Ex. A ¶ 17.) Mr. Strojnik

18  does not make clear when, if ever, that "specific time" to revisit the hotel is and he

19  provides no evidence of such an intent besides this bare statement. Considering his

20  litigation history, courts have questioned the sincerity of his "professed intent to return"

21  to a defendant's hotel. *See B&L Motels Inc.*, 2020 WL 7350897, at *3. Mr. Strojnik's

22  vague and conclusory statements scattered throughout his complaint do not show that he

23  has suffered an injury-in-fact or a real and immediate threat of repeated injury. *See*

24  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).[3]

25  [3] The Court acknowledges that the Ninth Circuit has recently issued a ruling on ADA
    standing in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021). As judges of
26  this Court have noted, even considering this new decision, the standard for alleging
    standing under the ADA "demands more than what Strojnik alleged here." *Flagrock*
27  *Hosp. LLC*, 2021 WL 1085395, at *4. *Whitaker* reiterated the pleading standard that a
    plaintiff, including ADA testers, lacks standing if the barriers he seeks to enjoin do not
28  pose a real and immediate threat to him due to his disability. 985 F.3d at 1079. The
    plaintiff in *Whitaker*, "a quadriplegic who use[d] a wheelchair for mobility," adequately

### 3.    The Website

Mr. Strojnik seems to include a table from the hotel's website to demonstrate "a failure to identify and describe accessible features and guest rooms offered through its reservations service." (Doc. 1-3, Ex. A ¶ 30.) Mr. Strojnik, however, failed to file the specific page of his complaint that contains this table, which presumably showed the C&H's online accessibility information. (*Id.*) These allegations relating to the website seem to be another attempt to allege ADA violations, but as other courts have noted, this website allegation "does not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the website." *See Strojnik v. R.F. Weichert V, Inc.*, No. 20-CV-00354-VKD, 2021 WL 242912, at *4 (N.D. Cal. Jan. 25, 2021). Without any clearer allegations as to the hotel's accessibility information, Mr. Strojnik fails to allege Article III standing as it relates to the website. *See Flagrock Hosp. LLC*, 2021 WL 1085395, at *4.

### 4.    Remand

Having concluded that Mr. Strojnik does not have Article III standing to bring his ADA claim, this Court lacks subject matter jurisdiction. *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel."). The Court will remand the entire case to the Superior Court because this Court has no authority to retain jurisdiction over Mr. Strojnik's state law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)); *see also Strojnik v. Hotel Circle GL Holdings, LLC*, No. 1:19-CV-01194-DAD-EPG, 2019 WL 6212084, at *6 (E.D. Cal. Nov. 21, 2019).

The Court finds that granting Mr. Strojnik leave to amend the complaint would be

---

made that connection to prove Article III standing. *Id.* at 1074, 1079. Here, as mentioned above, Mr. Strojnik has done no such thing. Mr. Strojnik has included vague and conclusory allegations about certain barriers and has made almost no effort to connect those to his disabilities in a meaningful way. *See Chapman*, 631 F.3d at 953–54.

futile. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Any amendment to Mr. Strojnik's complaint would be futile given his failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so. *See B&L Motels Inc.*, 2020 WL 7350897, at \*4 n.2. The Ninth Circuit has affirmed many district court decisions dismissing Mr. Strojnik's complaints without leave to amend based on futility. *See, e.g.*, *Strojnik v. Kapalua Land Co., Ltd.*, 801 Fed. App'x 531 (9th Cir. 2020); *Pasadena Robles*, 801 Fed. App'x at 570. The Court therefore denies Mr. Strojnik leave to amend his complaint.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED denying** Mr. Strojnik's Motion for Writ of Prohibition (Doc. 20).

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to the Arizona County Superior Court in Mohave County and terminate the case.

**IT IS FURTHER ORDERED denying as moot** Mr. Strojnik's Motion that Defendant Prove Removal Jurisdiction (Doc. 20).

Dated this 13th day of April, 2021.

Michael T. Liburdi
_____
Michael T. Liburdi
United States District Judge